UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JIMMY DON TURNBOUGH**                                          **PETITIONER**
ADC #152249

V.                          No. 4:22-CV-00883-LPR-ERE

**DEXTER PAYNE, Director,**
**Arkansas Department of Correction**                           **RESPONDENT**

### RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections**

This Recommendation has been sent to United States District Judge Lee Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of the Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.   Summary**

Petitioner Jimmy Don Turnbough's § 2254 habeas petition, which is a successive petition, should be dismissed, without prejudice, for lack of jurisdiction.

1

## III. Background

On September 26, 2022, Mr. Turnbough, an Arkansas Department of Correction inmate, filed a § 2254 petition for writ of habeas corpus and a motion for leave to proceed *in forma pauperis*. *Docs. 1, 2.* In his petition, Mr. Turnbough raises the "new ground" of whether he is "constitutionally entitled to proof beyond a reasonable doubt" related to is 2012 rape conviction. *Doc. 2.*

Just last year, Mr. Turnbough filed a § 2254 petition related to the same rape conviction. *Turnbough v. Payne*, 4:21-CV-00723 (E.D. Ark. 2021). On April 28, 2022, that petition was dismissed as untimely. *Id. at Docs. 8, 9.*

## IV. Discussion

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A). Only the United States Court of Appeals for the Eighth Circuit has the authority to grant Mr. Turnbough permission to file a successive § 2254 habeas petition. Until Mr. Turnbough receives authorization from the Eighth Circuit, this Court lacks jurisdiction to proceed. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

## V.     Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Turnbough's 28 U.S.C. § 2254 petition for a writ of habeas corpus, *Doc. 1*, be DISMISSED, WITHOUT PREJUDICE, so that he may seek authorization from the Eighth Circuit to file a successive habeas petition, pursuant to 28 U.S.C. § 2244(b)(3)(A).

2. Mr. Turnbough's motion for leave to proceed *in forma pauperis* be DENIED as MOOT.

3. A Certificate of Appealability be DENIED. S*ee* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

Dated this 27th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE